**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOE SOLO PRODUCTIONS, INC., et al., | ) | Case No. 1:09 CV 555 |
| | ) | |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| JEREMY DAWSON, et al., | ) | and |
| | ) | |
| Defendants. | ) | **ORDER OF TRANSFER** |

This matter is before the Court on the following motions:

1. Defendant Stephen C. Petree's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Improper Venue etc. (**ECF No. 19**);

2. Defendants McJames Music, Inc., Steven McClintock and Timothy James Auringer's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Improper Venue etc. (**ECF No. 20**);

3. Defendant Universal Music Group's Motion to Dismiss (**ECF No. 21**); and

4. Motion to Dismiss, filed by Defendants Jeremy Dawson, Gregori Chad Petree, Shiny Toy Guns, LLC and Stormwest International (**ECF No. 22**).

For the following reasons, the Court **TRANSFERS** this case to the Central District of California.

**I.**

Plaintiff Joe Solo is a songwriter, composer, publisher and producer of music and conducts his business through his solely-owned companies, Plaintiffs Joe Solo Productions, Inc. and Oloseoj Publishing. (Compl. ¶ 2.) This action is about the alleged "theft and exploitation" of intellectual property allegedly owned by Plaintiffs pursuant to a contract they entered with Defendant Jeremy Dawson in California on October 31, 2003. (Id. ¶ 1.) The contract was

executed in California and was deemed a "binding agreement made under the laws of the State of California . . .."  (ECF No. 1-4, at 2.)

Plaintiffs allege that they contracted with Dawson to write and produce music and lyrics with and for them, and that all rights to the resulting Compositions and Master Recordings belong to, and must be considered authored by, Plaintiffs as works-made-for-hire under the U.S. Copyright Act.  (Compl. ¶¶ 3, 4.)  They assert that Dawson and ten persons or entities variously related to him breached the contract by claiming ownership to those Compositions and Master Recordings.  (Id. ¶¶ 106-121.)  Plaintiffs conclude that Defendants' copyright registrations of the songs that were the subject of the contract were fraudulent, and that Defendants otherwise infringed Plaintiffs' alleged copyrights and converted Plaintiffs' intellectual property interests.  (Id. ¶¶ 79-105, 117-121.)

Importantly, none of the parties has any ostensible connection to the State of Ohio.  Plaintiff Joe Solo is an individual residing in Los Angeles, California.  (Compl. ¶ 20.)  Plaintiffs Joe Solo Productions, Inc. and Oloseoj Publishing operate out of an office located in Bell Canyon, California.  (See id., Pleading Caption and ¶¶ 21, 22.)  Defendant Dawson is a California resident (id. ¶ 23); Defendant Gregori Chad Petree is a California resident (id. ¶ 25); Defendants Dawson and Chad Petree's band, Defendant Shine Toy Gums, LLC ("STG"), is a company formed under the laws of Delaware, with its principal place of business is located in California (id. ¶ 24); and Defendant Stormwest International is Dawson's independent label which is a company formed under the laws of Delaware and presumably operates out of California (id. ¶ 30).  Together, Defendants Dawson, Chad Petree, STG and Stormwest International will be referenced as "the Dawson Defendants."  Defendant Steven McClintock is a

California resident (Compl. ¶ 28); Defendant Timothy James Auringer is a California resident (id. ¶ 29); and their publishing company, Defendant McJames Music Inc., is also a California resident (id. ¶ 27). Together, Defendants McClintock, Auringer and McJames Music Inc. will be referenced as "the McJames Defendants." Defendant Universal Motown is a record label owned by Defendant Universal Music Group ("UMG"), a corporation based in Santa Monica, California. (Compl. ¶ 17.) Defendant Mercury Records is a record label that operates as a stand-alone company in the United Kingdom, and as part of the Island Def Jam Music Group under UMG, which is based in California. (Id. ¶ 34.)

Plaintiffs plead no facts tying their claims to Ohio and do not describe a single act, transaction or event directed to, occurring in or affecting any person or business within Ohio or the Northern District of Ohio. Indeed, the only tie to Ohio appears to be the location of Plaintiffs' counsel, Mansour, Gavin, Gerlack & Manos. Nonetheless, in support of the Court's alleged personal jurisdiction over Defendants and venue in this district, the Complaint states, in its entirety:

> 18. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing and soliciting business in this District.
>
> 19. Venue is proper under 28 U.S.C. § 1391.

(Compl. at 7.)

All Defendants upon whom service has been perfected have now filed motions to dismiss or transfer venue: the Dawson Defendants (ECF No. 22), the McJames Defendants (ECF No. 20), Stephen Petree (ECF No. 19) and UMG (ECF No. 21) (collectively, "the Moving

-3-

Defendants").[1] All Moving Defendants challenge the propriety of venue in the Northern District of Ohio under 28 U.S.C. § 1406(a). In the alternative, they seek transfer of the case to the Central District of California under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice. All moving Defendants except UMG challenge personal jurisdiction. The Dawson Defendants and UMG challenge subject matter jurisdiction. The Court has reviewed the Motions, the memoranda in opposition (ECF Nos. 24-27), the reply memoranda (ECF Nos. 28-31), the attachments and the case law and is prepared to issue its ruling.

## II.

Again, all Defendants except UMG challenge the Court's personal jurisdiction over them. It is well-established that plaintiffs bear the burden of establishing jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271-72 (6th Cir. 1998). In the face of a properly supported motion to dismiss and in the absence of an evidentiary hearing, a plaintiff may not stand on its pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted).

Where, as here,[2] a federal court's subject matter jurisdiction stems from the

---

[1] The record reflects that Plaintiffs have yet to effect service on Defendants The Universal Motown/Universal Republic Group or Mercury Records (UK). (See ECF Nos. 9, 10.)

[2] Plaintiffs' litigation of this case to date has been, at best, careless. An example of Plaintiffs' haphazard litigation is their assertion in various filings that the Court has federal question jurisdiction over the case (see, e.g., ECF No. 1 ¶ 17), then their assertion that the Court has diversity jurisdiction over the case (see, e.g., ECF No. 24-2 at 4). It is obvious that the Court cannot have diversity jurisdiction over the case since Plaintiffs reside in California and most of the Defendants reside there as well.

existence of a federal question, personal jurisdiction over a defendant exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.' " *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) *(quoting Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). "Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Id. (citing Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996)). Ohio's long-arm statute extends to those constitutional limits. *See Nationwide Mut. Ins. Co. v. Tryg Intern. Ins. Co., Ltd.,* 91 F.3d 790, 793 (6th Cir. 1996) (citing *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988), in turn citing O.R.C. § 2307.382)). Thus, the only question here is whether exercising personal jurisdiction over Defendants comports with due process. *Bridgeport Music*, 327 F.3d at 477. To comply with due process, a plaintiff must show that the defendant had sufficient minimum contacts with the forum state such that it should reasonably anticipate being haled into court there and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Fortis Corporate Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006) (inner quotation marks and citations omitted).

      Personal jurisdiction can be either general or specific, depending on the nature of contacts the defendant has with the forum state. *Bridgeport Music*, 327 F.3d at 478-79; *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 149 (6th Cir. 1997). For a forum state to exercise general jurisdiction over a defendant, that defendant must have "continuous and systematic contacts" within the state. *Kerry Steel*, 106 F.3d at 149. The purpose of general jurisdiction is to

allow for personal jurisdiction over a defendant who has extensive contacts with the forum state, regardless of whether those contacts are related to the subject matter of the dispute. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1951). Specific jurisdiction exists if the defendant, who has limited contact with the state, has purposefully directed his conduct at residents of the forum and the litigation results from injuries arising out of, or related to, that conduct. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d. Cir. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 4 62, 472 (1985)) (inner quotation marks omitted). Whether personal jurisdiction is based on general or specific jurisdiction, the defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

### A.   General Jurisdiction

The Court can quickly dispense with the argument that it has general jurisdiction over the Moving Defendants. Based on the declarations of the Moving Defendants, none has had <u>any</u> contact with Ohio other than passing through the state twenty years ago on the way to some other state (ECF No. 19-2, Stephen C. Petree Decl. ¶ 5; ECF No. 20-3, Timothy James Auringer Decl. ¶ 18) or visiting a friend in Ohio for a few days twenty-five years ago (ECF No. 20-2, Steven McClintock Decl. ¶ 18). Plaintiffs effectively concede this point by arguing only that the Court has personal jurisdiction over all Defendants by virtue of their copyright infringement. (See, e.g., ECF No. 24-2 at 6 ("The Sixth Circuit has not yet examined a case in which the question of personal jurisdiction stemmed from copyright infringement."); ECF No. 25-2 at 6 (same); ECF No. 26-2 at 8 (same); see also ECF No. 24-2 at 8-9 ("[E]ven an act done outside the

state that has consequences or effects within the state will suffice as a basis for jurisdiction . . .. Further, copyright infringement is a commercial tort that is deemed to take place at the point of consumer purchase. . . . the consequences caused by Defendant Petree's actions have a substantial enough connection with Ohio that this Court's exercise of jurisdiction over Defendant Petree is fundamentally fair."; ECF No. 25-2 at 8-9 (similar)).  Accordingly, the Court **FINDS** that Plaintiffs have failed to establish that the Court has general jurisdiction over the Moving Defendants.

### B.  Specific Jurisdiction

To establish specific jurisdiction over a defendant, the plaintiff must show that the defendant purposefully availed itself of the benefits of the forum state, the claims arise out of the defendant's activities in that state, and the defendant has a substantial connection to the state such that the exercise of jurisdiction comports with traditional ideas of fair play and substantial justice. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 794 (6th Cir. 1996).  An answer in the negative to any one of these questions will demonstrate that a defendant does not have sufficient contacts with the forum state to establish specific jurisdiction.

Plaintiffs are unable to establish specific jurisdiction over the Moving Defendants because they cannot show that Defendants purposely availed themselves of the benefits of Ohio. The Sixth Circuit has long noted that the purposeful availment requirement is "the *sine qua non*" of personal jurisdiction. *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 381-82 (6th Cir. 1998).  And, contrary to Plaintiffs' contentions,[3] the Sixth Circuit has in fact explained the "purposeful availment" standard in the context of a copyright infringement case. *Bridgeport*

---

[3]See ECF No. 24-2; 25-2 at 6; ECF No. 26-2 at 8.

*Music, Inc. v. Still N the Water Publishing*, 327 F.3d 472 (6th Cir. 2003). In that published opinion, the Sixth Circuit held:

> " '[P]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state],' something more than a passive availment of [the forum state's] opportunities. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002) . . .. "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.' " *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Burger King* [v. Rudzewicz], 471 U.S. at 474-75, . . .). The " 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.' " *Burger King*, 471 U.S. at 475, . . .; *see also LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1300 (6th Cir. 1989). The emphasis in the purposeful availment inquiry is whether the defendant has engaged in "some overt actions connecting the defendant with the forum state." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998). If a plaintiff can demonstrate purposeful availment, the absence of physical contacts with the forum state will not defeat personal jurisdiction over a non-resident. *See Burger King*, 471 U.S. at 476, . . .; *CompuServe*, 89 F.3d at 1265.

*Id.*, 327 F.3d at 477-78 (parentheticals and parallel citations omitted, emphasis in original). Therein, the Sixth Circuit expressed a "clear preference" for the "stream of commerce plus theory" articulated by Justice O'Connor in *Asahi Metal Indus. Co. v. Superior Court*. *Bridgeport*, 327 F.3d at 479 (*citing Asahi Metal Indus.*, 480 U.S. 102, 113 (1987) (O'Connor, J.) (plurality op.)). That is, the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. *Id*.

Plaintiffs have made no effort to show that any one of the Moving Defendants deliberately undertook to do or cause an act or thing to be done in Ohio. Plaintiffs have attached absolutely no exhibits to their brief in opposition to the Dawson Defendants' motion to dismiss.

-8-

They argue only that "the Dawson Defendants have purposefully availed themselves of the privilege of transacting business in Ohio by virtue of their copyright infringement with respect to the Stolen Compositions and Masters." (ECF No. 26-2 at 9.) Plaintiffs merely rest on their complaint allegations that the song "Le Disko" was heavily promoted and appeared in nationwide television commercials, television shows and various movies; the songs "We are Pilots" and "I Promise You Walls" have been purchased and downloaded throughout the country; and "[w]ith the increasing popularity of consumers downloading music via Internet music stores, it is difficult to argue that a song has merely been promoted in one specific district, as the Third Circuit has recognized." (Id.) This is plainly insufficient to confer specific jurisdiction over the Dawson Defendants.

Regarding the McJames Defendants, Plaintiffs have attached to their opposition brief two exhibits that they reference only in the <u>fact</u> section.[4] They do not bother to point out how these particular exhibits show purposeful activity directed toward Ohio warranting a finding of specific jurisdiction over each of the McJames Defendants. Rather, the exhibits seem to be attached only to show that the McJames Defendants infringed Plaintiffs' alleged copyrights.

Plaintiffs have likewise attached to their brief in opposition to Stephen Petree's motion to dismiss two exhibits they reference only in the fact section.[5] Again, they do not bother

---

[4] One exhibit is a printout of the screencap of McJames Music's website stating: "McJames Music would like to congratulate Shiny Toy Guns on their recent signings to Universal-Motown and Mercury Records. We are very proud to still be representing Chad and Jeremy's music after more than a decade with them on their way to 'overnight success.' The other exhibit is a printout of another website page that includes the song "Le Disko" in its catalogue.

[5] To illustrate further sloppy briefing, the Court notes that Plaintiffs keep talking about Chad Petree, rather than Stephen, throughout their brief in opposition to Stephen Petree's motion to dismiss. Apparently to satisfy the affidavits/exhibits requirement when opposing a motion to dismiss for lack of personal jurisdiction, they have attached a printout of two pages from <u>Chad</u>

to explain how these exhibits warrant a finding of specific jurisdiction over Stephen Petree in Ohio.

The law is clear. Plaintiffs must show something more than passive availment of Ohio's opportunities to confer specific jurisdiction over each of the Moving Defendants. They have utterly failed to show that the Moving Defendants' contacts with Ohio proximately resulted from some overt action undertaken by each one of them creating a substantial connection to this State. It appears that the only connection the Moving Defendants may have with Ohio results from random or fortuitous contacts. Consequently, the Court **FINDS** that Plaintiffs have failed to establish specific jurisdiction over the Moving Defendants.

**C.**

In conclusion, the Court lacks personal jurisdiction over the Dawson Defendants, the McJames Defendants and Stephen Petree. The Court takes Defendant UMG's failure to move for dismissal on the basis of personal jurisdiction to be its concession that the Court has personal jurisdiction over it.

**III.**

All Moving Defendants, including UMG, argue that venue in the Northern District of Ohio is improper under 28 U.S.C. § 1406(a). The Court agrees.

When a defendant seeks to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of establishing that venue is proper for each claim asserted in the complaint. *Centerville ALF, Inc. v. Balanced Care*

---

Petree's website talking about his brother Stephen – presumably to show that Stephen infringed their alleged copyrights.

*Corp.*, 197 F.Supp.2d 1039, 1046 (S.D. Ohio 2002) (citations omitted).  In cases with multiple defendants, the plaintiff must show that venue is proper as to every defendant.  *Delta Media Group, Inc. v. Kee Group, Inc.*, No. 5:07 CV 1597, 2007 WL 3232432, at *6 (N.D. Ohio Oct. 31, 2007) (*citing IA, Inc. v. Thermacell Tech., Inc.*, 983 F.Supp. 697, 700 (E.D. Mich. 1997)).  A district court with a case "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Even if the court finds venue to be proper in the Northern District of Ohio, however, it retains the discretion under 28 U.S.C. § 1404(a) to transfer any civil action to any other district where it might have been brought for the convenience of parties and witnesses and in the interest of justice.

Plaintiffs allege copyright infringement, fraud on the copyright office, breach of contract and conversion.  Subject matter jurisdiction in this case is based on the copyright claim(s).

The venue statute for copyright cases, 28 U.S.C. § 1400(a), provides that:

> [c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

Id.  Under 28 U.S.C. § 1391(c),

> a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Id.  The Court has already determined that it does not have personal jurisdiction over the Dawson Defendants, the McJames Defendants or Stephen Petree.  Consequently, the Court **FINDS** that venue over those Defendants is necessarily improper.

-11-

The next question the Court must decide is what venue is in fact proper. A civil action wherein jurisdiction is based on a federal question, i.e., 28 U.S.C. § 1391(b), may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiffs concede, presumably because all defendants reside in California, that venue in a California district court would be proper. (See ECF No. 24-2. at 11 ("Joe Solo does not dispute that this case could have been brought in another forum, specifically, in California, where both he and Defendant Petree reside."); ECF No. 25-2, at 12 (stating the same with regard to the McJames Defendants); ECF No. 26-2, at 13 (stating the same with regard to the Dawson Defendants); ECF No. 27-2, at 7 (stating the same with regard to Defendant UMG).) Thus, the Court **FINDS** that venue would be proper in a California district court under 28 U.S.C. § 1391(b)(1).

Because the action "may otherwise be brought" in California, the Court **FINDS** that § 1391(b)(3) does not apply.

Finally, Plaintiffs have failed to show that a substantial part of the events giving rise to their claims occurred in Ohio. Indeed, the contract giving rise to their claims was executed in California by and between California residents, and was made binding under the laws of California. Because the Court has previously found that any connection to Ohio is fortuitous only, the Court **FINDS** that § 1391(b)(2) does not apply.

"The district court may transfer a case when venue is improper in the original forum if doing so is in the interest of justice." *Delta Media Group,* 2007 WL 3232432, at *6 (citing 28 U.S.C. § 1406(a)). "This may be done even if the district court lacks personal jurisdiction over the defendant." *Id*. (*citing Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)). "Doubts about whether to transfer or dismiss are usually resolved in favor of transfer because the interest of justice generally is better served by transfer." *Id.* (*citing United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149 F.R.D. 558, 562 (S.D. Ohio 1993)).

Under the circumstances, it would be unreasonable to dismiss all Moving Defendants except UMG without prejudice for lack of jurisdiction, and then adjudicate the case against UMG alone. Rather, the sensible thing is to transfer the entire action to a district where all parties are located and properly venued, where the court has personal jurisdiction over all the Defendants, and where a California court is better-suited to rule on state law issues. Accordingly, the Court **CONCLUDES** that transfer of this action to the Central District of California would best serve the interest of justice, and hereby **ORDERS** that the case be transferred to that district forthwith.

**IV.**

Based on the foregoing findings, the Court **GRANTS** the pending motions to the extent that it directs the Clerk of Court to **TRANSFER** this case to the Central District of California

**IT IS SO ORDERED.**

       */s/Dan Aaron Polster     July 23, 2009*
**Dan Aaron Polster**
**United States District Judge**

-13-